ARAGUNDO, PLAINTIFF AND APPELLANT, *v.* RAMOS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Guayama in an Action of Unlawful Detainer.

No. 3136.—Decided April 28, 1924.

UNLAWFUL DETAINER—CONTRACT—SHARES OF CROP—TENANCY AT SUFFERANCE.— When a person does not detain the possession of land without paying any rent, but entered into its possession under a contract for cultivating it on shares, it can not be maintained that his tenancy is at sufferance.

ID.—ID.—ID.—LEASE.—Although the basis of a lease of land for cultivation on shares is the grant by the owner to the lessee of the use of the property for its ordinary purposes, as such a contract creates between the parties certain special legal relations that the legislators took into account in enacting that the contract should be governed by the laws relative to partnership contracts, it would not be in conformity with the nature of such a contract to allow the lessor an action of unlawful detainer, because such relations differ from those inherent to a common lease contract and the rights and obligations arising from such a contract can be litigated only in an ordinary action.

The facts are stated in the opinion.

*Mr. M. Guzmán Texidor* for the appellant.

*Mr. T. Bernardini* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Angel Aragundo, as attorney in fact of Manuel Otero, brought an action of unlawful detainer against Felipe Ramos, alleging that Ramos was in possession at sufferance of a property belonging to Otero and refused to vacate it. In his answer Ramos admitted that he was in possession of the property, but alleged that he held it by virtue of a cropping

contract and not at sufferance. The case was tried and the court finally dismissed the complaint.

The plaintiff took the present appeal and assigned in his brief that the court erred in overruling a certain motion to strike, in weighing the evidence and in applying the law.

The assignments may be considered together. The real question involved is whether or not, when a person who is sued for tenancy at sufferance alleges and offers evidence tending to establish the existence of a cropping contract, the complaint should be dismissed.

The district judge decided the question in the affirmative. We have examined the record and are of the opinion that the pleadings and the evidence support the conclusions of the trial court. This being premised, let us examine the law and jurisprudence applicable.

Section 1482 of the revised Civil Code reads thus:

"Leases for partnerships of arable lands, breeding cattle, and for industrial or manufacturing establishments shall be governed by the provisions relating to articles of copartnership and by the agreements of the contracting parties, and, in their absence, by the customs of the country."

Referring to the contract defined in the statute cited, Manresa says:

"We may conclude, therefore, with good reason that a cropping contract is a lease. But it is not a mere lease of property to which all statutes governing leases can be applied. The peculiar manner in which the rent is to be paid; the greater complexity of the relations thereby created between the parties; the nature of its practical application, and even its character as an adequate means for aiding in the solution of the social question, required a special system of regulations which, starting with the statement that it is properly a lease in character contained in the section that we are commenting upon, should recognize all of the fundamental forms with which in practice it may produce useful results." 10 Manresa, Civil Code, 625-6.

The Supreme Court of Spain, in construing article 1578 of the old Civil Code, which is the counterpart of said sec-

tion 1482 of the revised Code, laid down the following doctrine:

"That although a cropping contract is based on the grant made by the owner of the property to the person with whom he contracts for the purposes for which the property is adapted, inasmuch as the contract creates between the parties thereto special juridical relations that the law-maker had in mind so as to have them governed more especially by the provisions concerning a partnership contract, it would not agree with the nature of the cropping contract to allow the lessor the action of unlawful detainer established by article 1569 of the Civil Code, in connection with articles 1564 and 1565 of the Law of Procedure, in favor of the lessor, because such relations differ from those inherent to a common lease and the scope of the rights and obligations arising therefrom can be discussed, therefore, only in an ordinary action." Judgment of July 29, 1902, 94 *Jurisprudencia Civil*, 155.

No further discussion is necessary. In repeated decisions this Supreme Court has held that the summary action of unlawful detainer does not lie for the consideration of questions of ownership. This new case comes up now and the same rule applies. An ordinary action offers to both parties all of the necessary opportunities for adjusting such conflicts as may arise. When a person does not detain the possession of a property without paying any rent, but entered into its possession under a cropping contract, it can not be held that his tenancy is at sufferance. If such person defaults in the conditions of the contract, let it be so set up in the corresponding complaint and let the question be decided after giving the defendant full opportunity to defend himself. Unlawful detainer is a remedy for clear and simple violations; detention that does not admit of explanation. The relations created by a cropping contract are, or may be, of a complex nature.

The district court having weighed the facts and applied the law and the jurisprudence correctly, the judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.